IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRAVIS AUSTIN, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:06-CV-1997-D |
| VS. § | |
| § | |
| HOOD COUNTY, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this suit alleging claims under 42 U.S.C. § 1983, and under Texas law for negligence/gross negligence and assault, defendants move for dismissal of plaintiff's state-law claims and for a more definite statement. The court grants defendants' motion for partial dismissal, but it also grants plaintiff leave to amend to plead a claim for negligence/gross negligence against the defendant county. The court denies defendants' motion for a more definite statement, but it orders plaintiff to file a Fed. R. Civ. P. 7(a) reply that addresses the defendant Sheriff's defense of qualified immunity.

I

Plaintiff Travis Austin ("Austin") was arrested on an outstanding warrant and taken to the Hood County Jail.[1] Defendant

---

[1] Although defendants do not cite the Rule on which they rely in moving for partial dismissal, the court assumes from the grounds stated in their motion that they seek relief under Rule 12(b)(1). Defendants rely on governmental immunity, which, if applicable, deprives this court of subject matter jurisdiction over Austin's state-law claims. It is settled that if a defendant merely files

Gene Mayo ("Sheriff Mayo") is the Sheriff of Hood County. At the time of his arrest, Austin suffered from Crohn's disease, a physical condition that affected his strength and immunity. Austin maintains that this condition was well known to the Hood County Sheriff's Department at the time it placed him in the Hood County Jail system.

At the time of Austin's arrest, a group of individuals suspected to be members of the Aryan Brotherhood or Aryan Circle were incarcerated in the Hood County Jail system. These individuals were known to have participated in assaults of other individuals detained in the Hood County Jail. While incarcerated and under the care and custody of the Hood County Sheriff's Department, Austin was physically assaulted and beaten so severely that he had to be transported to the hospital by care flight. Austin underwent emergency surgery, during which one-third of his large intestine was removed and two colostomy bags were installed. He was hospitalized for several days as a result of the beating. Austin avers that he will have significant future medical bills, including future surgeries, and that his life expectancy has been

---

a Rule 12(b)(1) motion without supporting evidence, it is considered a facial attack, and the court is required to examine the sufficiency of the allegations of the complaint, assuming them to be true. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981). The court must deny the motion if the allegations are sufficient to allege jurisdiction. *Id.* Accordingly, the court recounts the background facts based on the allegations of Austin's complaint, which the court assumes to be true.

shortened as a result of the beating.

Austin sues Hood County and Sheriff Mayo, contending that none of these events would have occurred had it not been for the negligent, grossly negligent, and intentional acts of the Hood County Sheriff's Department.  He also maintains that Hood County and Sheriff Mayo failed to properly and appropriately care for him following his beating and failed to provide him with appropriate and timely medical care, both before and after the beating.  Austin sues under 42 U.S.C. § 1983, alleging that defendants deprived him of his constitutional right to physical safety while under their care, and that this deprivation proximately caused his injuries.  He also asserts Texas-law claims for negligence/gross negligence and assault.

Defendants move for partial dismissal and for a more definite statement, arguing that Hood County is entitled to governmental immunity from Austin's state-law claims; Sheriff Mayo is entitled to dismissal of these claims because Austin's suit against Hood County for the same events is an irrevocable election that prevents him from suing Sheriff Mayo; and Austin should be ordered to replead to indicate whether he brings his suit against Sheriff Mayo in his official and/or individual capacity.

                                III

The court considers first defendants' motion to dismiss Austin's state-law claims against Hood County.  In the context of

this facial attack on its subject matter jurisdiction, *see supra* note 1, the court examines the sufficiency of the allegations of the complaint, assuming them to be true. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981). The court must deny defendants' motion if Austin's allegations are sufficient to allege jurisdiction. *Id.*

A

Hood County argues that governmental immunity bars Austin's state-law claims against it. Sovereign immunity generally defeats a court's subject matter jurisdiction over a suit against a state unless the state expressly consents to suit. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)). "Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts." *Id.* (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003)). The Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 2005 & Supp. 2006) ("TTCA"), provides a limited waiver of governmental immunity, making a governmental unit in the state liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." *Id.* § 101.021(2) (Vernon 2005).

The TTCA expressly excludes intentional torts, including assault, from any waiver of immunity. Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (Vernon 2005) ("This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort . . . ."). Accordingly, the court dismisses with prejudice Austin's claim for the intentional tort of assault against Hood County.[2]

B

Austin also asserts a claim for negligence/gross negligence, alleging that "Defendant [Hood County] and Defendant Sheriff Mayo are also guilty of acts that constitute[ ] common law negligence and gross negligence for which Defendants are liable to Plaintiff for his damages under the law of the State of Texas." Compl. ¶ 15. He argues that these claims could, at least in part, be

---

[2]Dismissal with prejudice is proper, despite the fact that governmental immunity deprives this court of subject matter jurisdiction. *See Henry v. United States*, 2006 WL 3780878, at *5 n.2 (N.D. Tex. Dec. 26, 2006) (Fitzwater, J.) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court. Here, however, the bar of sovereign immunity is absolute: no other court has the power to hear the case, nor can the [plaintiffs] redraft their claims to avoid the exceptions to the [Federal Tort Claims Act]." (quoting *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam) (citation omitted), and citing *Bloomquist v. Brady*, 894 F. Supp. 108, 116 (W.D.N.Y. 1995) ("A dismissal based on sovereign immunity is a decision on the merits, as it determines that a party has no cause of action or substantive right to recover against the United States."))).

characterized as premises defect claims.  According to Austin, the layout and structure of the Hood County Jail tank in which he was assaulted were designed in a manner that made the attack (which for an extended period of time was out of the view of jailers and surveillance cameras) both possible and probable.  He also maintains that the cameras and video equipment used in the Jail were inadequate to discourage assaults by inmates, a fact he avers was well known to the Sheriff and to Jail inmates.

For a governmental entity to waive immunity under § 101.021(2), the condition or use of tangible property must have proximately caused the personal injury.  *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998).  "The traditional proximate-cause elements are cause in fact and foreseeability."  *Tex. Dep't of Criminal Justice v. Hawkins*, 169 S.W.3d 529, 534 (Tex. App. 2005, no pet.) (citing *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992)).  "The 'cause in fact' requirement is fulfilled if the act or omission was a substantial factor in causing the personal injury, and without the act or omission, the harm would not have occurred."  *Rhodes v. Prince*, 2006 WL 954023, at *3 (N.D. Tex. Mar. 28, 2006) (Stickney, J.) (citing *Travis*, 830 S.W.2d at 98), *rec. adopted*, 2006 WL 954023 (N.D. Tex. Apr. 11, 2006) (Fitzwater J.), *aff'd*, 2007 WL 299367 (5th Cir. Jan. 29, 2007) (per curiam).  "The 'foreseeability' requirement is fulfilled if the governmental actor, who is assumed

to be someone of ordinary intelligence, should have anticipated the danger his or her negligence created for others." *Id.* (citing *Travis*, 830 S.W.2d at 98).

The court holds that Austin has failed to plead sufficient facts to show that Hood County waived its governmental immunity pursuant to § 101.021(2).  Although Austin argues that "[i]t is anticipated that discovery in this case will establish, among other things, that Plaintiff's claims could, at least in part, be characterized as a premises defect," P. Resp. 1, he nowhere pleads facts in his complaint that would permit such a conclusion.  In fact, he does not mention anything that suggests a premises defect theory of recovery.  Thus even drawing all reasonable inferences in Austin's favor, the court concludes that he has failed to plead sufficient facts to show that the condition or use of tangible property proximately caused his injuries.  Accordingly, he has failed to plead a basis for the court to conclude that Hood County is not entitled to governmental immunity as to Austin's claim for negligence/gross negligence.  Because Austin has failed to allege facts sufficient to overcome Hood County's governmental immunity under the TTCA, defendants' motion to dismiss is granted as to this claim.

The court grants Austin 30 days to file an amended complaint that cures the defect in pleading his claim for negligence/gross negligence against Hood County.

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc. Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (brackets omitted) (addressing Rule 12(b)(6) dismissal) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Although defendants maintain in their reply brief that Austin cannot as a matter of law recover on a premises defect claim, it is not clear that the pleading defect is incurable, and Austin has indicated that he is willing to amend.  Moreover, this court has noted that "[t]he Texas Tort Claims Act is a difficult statute even for Texas state courts to interpret and apply." *Johnson v. Johnson County*, 2006 WL 1722570, at *13 (N.D. Tex. June 21) (Fitzwater, J.) (citing *Dallas County Mental Health & Mental Retardation*, 968 S.W.2d at 342 ("The many compromises necessary to pass the Act obscured its meaning, making its application difficult in many cases, including this one.")), *appeal dism'd*, No. 06-10762 (5th Cir. Oct. 13, 2006).  It is therefore possible that, if given one more opportunity to do so, Austin can plead a claim for negligence/gross negligence that comes within the TTCA exception to

governmental immunity.[3]  If Austin persists in asserting such a claim in his amended complaint, and he does not adequately plead a basis for coming within the TTCA's waiver of immunity, defendants may move anew to dismiss.

IV

The court next considers defendants' motion to dismiss Austin's state-law claims against Sheriff Mayo.  Austin does not oppose the dismissal of his state-law claims against Sheriff Mayo in his individual capacity.  Accordingly, the court dismisses with prejudice the state-law claims against Sheriff Mayo.[4]

V

Finally, the court addresses defendants' motion for a more definite statement under Rule 12(e).

Rule 12(e) states, in pertinent part:

> [i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired.

Defendants maintain that Austin's complaint is vague and ambiguous,

---

[3]If Austin concludes that he cannot amend to state a claim that comes within the TTCA exception to governmental immunity, he need not amend, and the court will deem his claim for negligence/ gross negligence to be dismissed with prejudice.

[4]Austin's claims against Sheriff Mayo in his official capacity are essentially claims against Hood County.  Therefore, no state-law claims remain against Sheriff Mayo individually.

and that it is unclear whether he intends to sue Sheriff Mayo in his individual and/or official capacity. They argue that Sheriff Mayo cannot reasonably respond to the allegations made against him because he cannot ascertain whether he should plead certain defenses, including qualified immunity, and they request that Austin be required under Rule 12(e) to replead to make clear whether he is suing Sheriff Mayo in his official capacity, his individual capacity, or both.

"When a party moves for a more definite statement under Rule 12(e), the court is granted discretion to determine whether the complaint is so vague that the moving party cannot reasonably be required to frame a responsive pleading." *Chapman v. Dallas County Cmty. Coll. Dist.*, 2006 WL 3442057, at *4 (N.D. Tex. Nov. 29, 2006) (Fish, C.J.) (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)). When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted. *Arista Records LLC v. Greubel*, 453 F.Supp.2d 961, 972 (N.D. Tex. 2006) (Means, J.) (citing Mitchell, 269 F.2d at 132). "[M]otions for a more definite statement are generally disfavored." *Russell v. Grace Presbyterian Village*, 2005 WL 1489579, at *3 (N.D. Tex. June 22, 2005) (Solis, J.) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

*Procedure* § 1377 (2d ed. 1990)). "Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court." *Id.* (citing *Mitchell*, 269 F.2d at 130).

Defendants have failed to demonstrate that Austin's complaint is so vague that they cannot reasonably be required to frame a responsive pleading. Notably, in Sheriff Mayo's answer,[5] he asserts both the affirmative defenses of official immunity and of qualified immunity. Therefore, he has not been precluded from framing a responsive pleading in any pertinent sense, i.e., one that raises defenses, including qualified immunity. Accordingly, defendants' motion for a more definite statement is denied.

VI

Defendants contend in their reply that, to the extent Austin intends to sue Sheriff Mayo in his individual capacity, the court should require that Austin replead in order to plead facts that are sufficient to overcome Sheriff Mayo's entitlement to qualified immunity.

Austin was not required to anticipate the defense of qualified immunity and "provide greater specificity" in his complaint. *Todd*

---

[5] Rule 12(e) provides that a motion for a more definite statement may be filed "before interposing a responsive pleading." A motion for a more definite statement "is now available only before a responsive pleading is due." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1341, at 21 (3d ed. 2004). Although defendants filed an answer the same day they filed their motion for a more definite statement, they filed their answer expressly subject to that motion.

*v. Hawk*, 72 F.3d 443, 446 (5th Cir. 1995) (per curiam) (citing *Schultea v. Wood*, 47 F.3d 1427, 1430, 1433-34 (5th Cir. 1995) (en banc)).  He was obligated initially to "file a short and plain statement of his claim pursuant to Rule 8(a)(2)[.]"  *Id.*  But Sheriff Mayo pleaded the affirmative defense of qualified immunity, so Austin became obligated to augment his complaint with "a more particularized reply pursuant to Rule 7[.]"  *Id.; see Schultea*, 47 F.3d at 1433.  "[W]hen a plaintiff sues a public official under § 1983, the district court must insist on heightened pleading by the plaintiff."  *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) (citing *Schultea*, 47 F.3d at 1433).  "[T]he reply must be tailored to the assertion of qualified immunity and fairly engage its allegations."  *Schultea*, 47 F.3d at 1433.  "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff['s] injury."  *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) (citing *Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 995 (5th Cir. 1995)).  The case should not be allowed to proceed unless Austin can assert specific facts that, if true, would overcome the defense.  *See Morin*, 77 F.3d at 120 ("Public officials are entitled to qualified immunity *from suit* under § 1983 unless it is shown by *specific allegations* that the officials violated clearly established law." (emphasis added)); *Schultea*, 47 F.3d at 1434 ("The district court need not allow any discovery unless it finds that plaintiff has

- 12 -

supported his claim with sufficient precision and factual specificity[.]"). "*Schultea* says that a plaintiff must first 'support[ ] his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.'" *Baker v. Putnal*, 75 F.3d 190, 197 (5th Cir. 1996) (quoting *Schultea*, 47 F.3d at 1434).

Accordingly, the court orders that, within 30 days of the date this memorandum opinion and order is filed, Austin must file a Rule 7(a) reply that addresses Sheriff Mayo's defense of qualified immunity.

\*     \*     \*

For the foregoing reasons, the court grants defendants' November 22, 2006 motion for partial dismissal. The court dismisses Austin's state-law claims against Hood County and Sheriff Mayo. Within 30 days of the date this memorandum opinion and order is filed, Austin may file an amended complaint that states a claim

for negligence/gross negligence against Hood County. The court denies defendants' motion for a more definite statement, but it orders Austin to file a Rule 7(a) reply within 30 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

March 1, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE