```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

TRAVIS AUSTIN,                    §
                                  §
            Plaintiff,             §
                                  § Civil Action No. 3:06-CV-1997-D
VS.                               §
                                  §
HOOD COUNTY,                      §
                                  §
            Defendant.             §
```

MEMORANDUM OPINION
AND ORDER

In this action arising from injuries that the plaintiff suffered when he was severely beaten by other jail detainees, the court must decide whether he has pleaded sufficient facts to overcome the defendant County's invocation of governmental immunity from his state-law claims. Concluding that he has not, the court dismisses with prejudice the state-law claims that he asserts against the County.

I

The relevant background facts of this case are set out in the court's opinion granting an earlier-filed motion for partial dismissal. *See Austin v. Hood County*, 2007 WL 631278, at * 1 (N.D. Tex. Mar. 1, 2007) (Fitzwater, J.) ("*Austin I*"). The court therefore need only recount them briefly, adding facts that are relevant to the court's disposition of the present motion for partial dismissal.

Plaintiff Travis Austin ("Austin") sues defendant Hood County, alleging that it is liable under 42 U.S.C. § 1983 and Texas law for

damages he sustained when he was physically assaulted and beaten by members of a well-known prison gang while he was incarcerated and under the care and custody of the Hood County Sheriff's Department.[1] In his complaint, Austin alleged Texas-law claims for negligence/gross negligence and assault, asserting that he would not have been assaulted had defendants not been negligent and grossly negligent.

Defendants moved for partial dismissal arguing, *inter alia*, that Hood County was entitled to governmental immunity from Austin's state-law claims. The court agreed with defendants. It concluded that the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 2005 & Supp. 2006) ("TTCA"), did not waive governmental immunity for the intentional tort of assault. *Austin I*, 2007 WL 631278, at *2. And it held that Austin's claim for negligence/gross negligence was barred by immunity because, for a governmental entity to waive immunity under § 101.021(2), the condition or use of tangible property must have proximately caused the personal injury and Austin had failed to plead sufficient facts to show that Hood County waived its governmental immunity pursuant to § 101.021(2). *Id.* at *3. Although Austin argued that he anticipated that discovery would establish, among other things, that his claims could at least

---

[1] Austin originally sued Hood County Sheriff Gene Mayo. In *Austin I* the court dismissed the claims against Sheriff Mayo in his individual capacity. *Austin I*, 2007 WL 631278, at *4.

partially be characterized as premises defect claims, he did not plead facts that would permit such a conclusion and did not mention anything that suggested a premises defect theory of recovery. *Id.* The court therefore concluded that Austin had failed to plead sufficient facts to show that the condition or use of tangible property proximately caused his injuries, and had failed to plead a basis for the court to conclude that Hood County is not entitled to governmental immunity as to his claim for negligence/gross negligence. The court granted defendants' motion to dismiss, but it also gave Austin leave to file an amended complaint. *Id.* at *5.

Austin has filed a first amended complaint ("amended complaint), and Hood County moves anew to dismiss his state-law claims, contending they are still barred by governmental immunity.

II

A

If correct, Hood County's contention that Austin's state-law claims are barred by governmental immunity deprives this court of subject matter jurisdiction over these claims. When a defendant merely files a Fed. R. Civ. P. 12(b)(1) motion[2] without supporting evidence, the attack is considered facial. The court is required to examine the sufficiency of the allegations of the complaint,

---

[2]As in *Austin I*, Hood County does not cite the Rule on which it relies in moving for partial dismissal, but the court assumes from the grounds stated that it seeks relief under Rule 12(b)(1).

assuming them to be true. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981). The court must deny Hood County's motion if Austin's allegations are sufficient to allege jurisdiction. *See id.*

B

Sovereign immunity generally defeats a court's subject matter jurisdiction over a suit against a state unless the state expressly consents to suit. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)). "Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts." *Id.* (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003)). The TTCA provides a limited waiver of governmental immunity, making a governmental unit in the state liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021(2).

The dispositive question presented by Hood County's motion is whether Austin has pleaded sufficient facts to show that Hood County waived its governmental immunity pursuant to § 101.021(2). The court holds that he has not.

For immunity to be waived under § 101.021(2), the condition or

use of tangible property must have proximately caused the personal injury.  *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 342-43 (Tex. 1998).  In his amended complaint, Austin specifics 13 acts or omissions of the Hood County Sheriff's Department that he alleges constitute negligence and gross negligence.[3]  Most of them relate either to the layout of the Hood County Jail, the supervision at the Jail, or the system of classification of inmates at the Jail.  But none of these acts or omissions can be read to allege that a condition or the use of tangible property *caused* the beating that Austin suffered at the hand of prison gang members.

"Property does not cause injury if it does no more than furnish the condition that makes the injury possible."  *Id.* at 343 (citing *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 776 (Tex. 1995)).  Although the failure to adequately house, classify, and supervise detainees and to design a Jail to prevent these types of attacks may have permitted the gang members to assault Austin, these conditions cannot be said to have caused his injuries.  *Id.*  Austin's allegation that Hood County failed to properly and

---

[3]Austin also asserts that there are other errors or mistakes that were made, and he purports to reserve the right to add them through amendment and supplementation. Am. Compl. ¶ 10. Because he has not included them in his amended complaint, and since the court has already given him a chance to amend in order to avoid governmental immunity, the court declines to consider such unspecified acts or omissions or to afford Austin another opportunity to amend.

appropriately care for him following his beating also does not allege a condition of the property that proximately caused his injuries.

As one basis for his claim, Austin alleges that Hood County was negligent or grossly negligent in "[p]ermitting violent inmates to have access to broom handles and other weapons used in the beating of Plaintiff." Am. Compl. ¶ 10(xi). Austin argues in his response to Hood County's motion that his claim falls within the TTCA because he was beaten by inmates using property such as clubs and other instruments of the assault that actually belonged to the state. He maintains that the State is negligent and grossly negligent when it leaves within the care, custody, and control of dangerous inmates items of personal property that can be turned into clubs and other weapons.[4]

This argument does not align, however, with Texas law. In *San Antonio State Hospital v. Cowan*, 128 S.W.3d 244 (Tex. 2004), members of a state hospital staff provided suspenders and a walker to an inmate known to be suicidal. He used these items of property to hang himself. *Id.* at 245. The Texas Supreme Court held that merely providing someone with personal property that is not itself

---

[4]Austin also contends that a case on which Hood County relies, *Bonham v. Texas Department of Criminal Justice*, 101 S.W.3d 153 (Tex. App. 2003, no pet.), although accurately described in Hood County's motion, was wrongly decided and is distinguishable from the facts of the present case. The court need not resolve this question.

inherently unsafe is not a "use" within the meaning of the TTCA. *Id.* Likewise, "[a] governmental unit does not 'use' personal property merely by allowing someone else to use it and nothing more." *Id.* at 246. "[S]ection 101.021(2) waives immunity for a use of personal property only when the governmental unit is itself the user." *Id.* at 245-46.

Austin does not allege that Hood County used broom handles and other weapons to beat him. Under the TTCA, Hood County's governmental immunity would only be waived, if at all, for its *own* use of these implements, not for the prison gang members' use. Accordingly, his assertion that he was beaten with items of government property does not bring his claim within the waiver of governmental immunity found in § 101.021(2) of the TTCA.

\* \* \*

In sum, examining the sufficiency of Austin's allegations and assuming them to be true, the court concludes that he has failed to plead sufficient facts to overcome governmental immunity from his Texas-law claims for negligence and gross negligence against Hood County. Hood County's March 30, 2007 second motion for partial dismissal is therefore granted.

**SO ORDERED.**

May 29, 2007.

                                                     _____
                                                     SIDNEY A. FITZWATER
                                                     UNITED STATES DISTRICT JUDGE

- 7 -